UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Collin Myrlie,

        Plaintiff,

v.                                                                  Civil No. 09-1441 (JNE/AJB)
                                                                   ORDER

Countrywide Bank and Countrywide
Home Loans,

        Defendants.

        Adopting a Report and Recommendation, the Court dismissed this action with prejudice on February 23, 2011. The Clerk of Court entered judgment the next day. Approximately three months later, Plaintiff moved to vacate the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1] His motion is scheduled to be heard on August 4, 2011. For the reasons set forth below, the Court denies Plaintiff's motion. The Court cancels the motion hearing.

        Plaintiff relies on Rule 60(b)(2), which allows a court to relieve a party from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Before the magistrate judge issued the Report and Recommendation, Plaintiff knew of the evidence on which he relies to request relief under Rule 60(b)(2). The evidence is not newly discovered. The Court denies Plaintiff's request for relief under Rule 60(b)(2). *See, e.g.*, *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535-36 (8th Cir. 1996); *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 n.3 (8th Cir. 1994).

---

[1]     A motion under Rule 60(b) "may not substitute for a timely appeal." *United States v. Mosbrucker*, 340 F.3d 664, 665 (8th Cir. 2003) (per curiam). In his Objection to the Report and Recommendation, it appears that Plaintiff referred to at least some of the evidence on which he now relies. (Pl.'s Objection 20-21, ECF No. 54)

2

Plaintiff also relies on Rule 60(b)(6), which allows a court to relieve a party from a final judgment for "any other reason that justifies relief." "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Court discerns no such circumstances here.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The motion hearing on August 4, 2011, is cancelled.
2. Plaintiff's Motion to Vacate Judgment [Docket Nos. 60 & 61] is DENIED.

Dated: July 20, 2011

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge